**Martin Torres VAZQUEZ, Plaintiff–Appellant,**

v.

**B. KOEN, Captain; et al., Defendants– Appellees.**

**No. 12–57018.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2013.*

Filed June 21, 2013.

Martin Torres Vazquez, Calipatria, CA, pro se.

Terrence F. Sheehy, Esquire, Deputy Attorney General, AGCA–Office of the

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM **

California state prisoner Martin Torres Vazquez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Vazquez's action without prejudice because Vazquez failed to exhaust administrative remedies before bringing suit and failed to demonstrate that any of his appeals were improperly screened. *See Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir.2010) (concluding that administrative remedies are "available" where administrative appeals were screened for proper reasons and that an inmate who failed to follow specific instructions on how to appeal had no reasonable belief that administrative remedies were effectively unavailable).

** This disposition is not appropriate for publication and is not precedent except as provid-

The district court did not abuse its discretion by denying Vazquez's motion for a temporary restraining order because Vazquez failed to demonstrate a strong likelihood of success on the merits. *See Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (setting forth standard of review).

The district court did not abuse its discretion in denying Vazquez's request for appointment of counsel because Vazquez failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.2009) (setting forth standard of review and the exceptional circumstances requirement).

The district court correctly noted that Vazquez failed to name Payne as a defendant in his amended complaint.

Vazquez's other arguments were raised for the first time on appeal and we do not consider them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

**AFFIRMED.**